## ANTHONY WILKSON *vs.* JOSEPH W. WALSH'S EXECUTOR.

### ERROR TO ST. LOUIS CIRCUIT COURT.

SPALDING and SHEPLEY, for plaintiffs.

The representations of Walsh, at the time of the sale, that the slave *was sound and healthy*, and *nothing ailed him but a diarrhoea, got from change of water*, was relied on, and the sale made on the faith of it. It was, therefore, a warranty, or in nature of it, and if untrue, the action for damages would lie without necessity of alleging or proving a *scienter*, or fraud. 2 Iredell 477; 4 Iredell 238; 1 Smith's leading cases, see note to case of Candor vs. Lopres, at the commencement of English Ed. note, he says: "at the present day the rule of law is, that every affirmation at the time of sale of personal chattels, is a warranty, provided it appears to have been so intended." 4 Adolph and El. 473, representations on sale of chattel may be warranty, and jury are to judge, 5 Barn. et al 240; do.

The form of a declaration is the usual one on an express warranty, in some of the courts, and although it is alleged therein, that the defendant *falsely* and *fraudulently warranted*, yet averment of the fraud, or of the knowledge, need not be proved. 2 Chitty. Plead. 325, side page for form.

2 East. 446, that the *scienter* need not be proved in action on a *false warranty*. In this case the declaration is stronger than the present.

The second new trial could not have been granted for error of the jury in point of law. The declaration was on a warranty, there was evidence of a *warranty*. The jury found a warranty from that evidence. The warranty was, that Charles was *sound* and *healthy*, with exceptions of a *temporary diarrhoea* from change of water. It turned out that he was affected

then by permanent disease, of which the jury believed, the diarrhoea only one symptom; *no third* new trial could therefore, be granted . Rev. Code of 1835, p. 470, sec. 2; 4 Mis. 86 Hill vs. Wilkins; 6 Mis. 185, Dickey vs. Malachi; 7 Mis. 57 Hill vs. Deaver; 7 Mis. 259 Humbut vs. Eckert; 8 Mis. 56, Davis vs. Davis; 12 Mis. 194 in re Pratte and Cabanne; Graham on new trials, 541, 542, 543, 544, 545, 546, 547, merely states the course of decision, when no statute regulates the subject. Showing the two new trials, one not granted unless for error in law. 1 Humphrey's Rep. 16 Turner vs. Ross, the party claiming that new trials have been granted for the causes that would exempt the case from the limitation of the act, must show from the second, that such new trials have been granted for those causes. 10 Yerger 499 and Meigs Rep. 103.

Writ of error will lie on non suit. 7 Mis. Rep. 403.

GAMBLE, for defendant.

1st. The evidence shewed no warranty by Walsh.

2nd. The evidence shewed no representation by Walsh, that the slave was sound, without being coupled with the exception of the diarrhoea.

3rd. There was no evidence that Walsh knew or could know of any other disease in the slave. For: 1st. The slave was sound when he was brought to Walsh from Jefferson county. 2nd. He had owned him but a few weeks. 3rd. The exchange was made through other persons wholly disinterested.

4th. The plaintiff knew of the existence of the diarrhoea before the exchange, talked with Calvert about it, and he and Calvert agreed with Walsh, in regarding it as a temporary and unimportant affection.

5th. The condition of the slave is not afterwards spoken of, by any witness until some time in June, (the exchange having been made in the spring,) and then he is stated to be very feeble, but what disease he then had, is not stated.

6th. The slave did not die of the diarrhoea nor of any consequence of that disease, but of a pulmonary affection, and no connection whatever, is shewn between the fatal disease and the affection of the bowels he had at the time of the exchange.

These are matters arising out of the evidence which show that the verdict upon the evidence, ought not to have been for the plaintiff, and they are matters which the court might legally regard as affording sufficient ground, for granting a new trial, under the reasons assigned.

But supposing we are to consider the question alone, whether, on the second trial, the jurors erred in a matter of law. I make these points:

That the verdict could not legally be found for the plaintiff, unless there was evidence either of a warranty, or of a false and fraudulent representation of soundness. 2 Cains Rep. 48; 1 John. R. 96, 129, 274; 4 John. R. 421; 5 John. R. 395; 20 John. Rep. 196, the evidence shewed neither.

That the verdict could not legally be found for the plaintiff, on account of any unsoundness known to both parties at the time of the exchange, and not warranted against.

The evidence conclusively shewed that both parties knew of the only disease then existing, and it was not warranted against.

The plaintiff was not entitled to recover for the value of the slave on account of his death by any disease not existing at the time of the exchange. The evidence shewed a different disease, from that the negro had at the time of the exchange, and there was no evidence, whatever, to connect them.

The triers of the fact have then erred in a matter of law, in that they have found for the plaintiff without evidence on those points where the law required him to give evidence of facts to establish his right to recover.

In Graham on new trials 333, there is a collection of cases shewing many instances of verdicts set aside, because they were against law, and I take it that there is nothing in our statute which makes a distinction between "the triers of the fact erring in a matter of law," and a jury finding a verdict, which is against law.

This court in Hill vs. Deaver, 7 Mo. Rep. 58, has said "the error in law alluded to in our act, must be a misconception of the instructions of the court or of the general law, governing the case or an entire disregard of them, which must be inferred by a comparison of the verdict with the facts in testimony."

Tested by this rule, this verdict cannot be reconciled with the instructions of the court or the general law governing the case, but is in disregard of both.

NAPTON, J., delivered the opinion of the court.

We shall make the same disposition of this case which we have already made of the case of Martin and wife vs. Henley, and for the same reasons, reserving the question as to the proper construction of our statute concerning second new trials for further consideration. New trial ordered.